1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY A. WASHINGTON,<br><br>        Plaintiff,<br><br>    v.<br><br>CALIFORNIA CORRECTIONAL<br>HEALTH CARE SERVICES, et al.,<br><br>        Defendants. | No.  2:16-cv-1489 JAM AC P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and state law and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I.     Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  ECF No. 4.  However, the court will not assess a filing fee at this time.  Instead, the undersigned will recommend summary dismissal of the amended complaint.

II.    Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

////

1

1  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

2  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

3       A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

4  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

5  Cir. 1984).  "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

6  meritless legal theories or whose factual contentions are clearly baseless."  Jackson v. Arizona,

7  885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute

8  on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490

9  U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded,

10  has an arguable legal and factual basis.  Id.

11       "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

12  claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

13  what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550

14  U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

15  However, in order to survive dismissal for failure to state a claim, a complaint must contain more

16  than "a formulaic recitation of the elements of a cause of action;" it must contain factual

17  allegations sufficient "to raise a right to relief above the speculative level."  Id. (citations

18  omitted).  "[T]he pleading must contain something more . . . than . . . a statement of facts that

19  merely creates a suspicion [of] a legally cognizable right of action."  Id. (alteration in original)

20  (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d

21  ed. 2004)).

22       "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

23  relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell

24  Atl. Corp., 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual

25  content that allows the court to draw the reasonable inference that the defendant is liable for the

26  misconduct alleged."  Id. (citing Bell Atl. Corp., 550 U.S. at 556).  In reviewing a complaint

27  under this standard, the court must accept as true the allegations of the complaint in question,

28  Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading

in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

III.     Amended Complaint

Based upon the contents of a letter dated May 16, 2016,[1] plaintiff alleges that his privacy and due process rights have been violated by the storage of his personal information and medical records on an unencrypted, password-protected laptop which was stolen from the vehicle of defendant Dr. Matolon, a California Correctional Health Care Services (CCHCS) employee, on February 25, 2016.  ECF No. 1 at 9-10; ECF No. 3 at 3-5; ECF No. 7 at 2-4.  The notification stated as follows:

> We do not know if any sensitive information was contained in the laptop.  To the extent any sensitive information may have been contained in the laptop, we do not know if the information included any of your information.  If your information was included, the nature of the information may have included confidential medical, mental health, and custodial information.  To the extent any sensitive information may have been contained in the laptop, we estimate that it would have been limited to information related to your custody and care, if any, between 1996 and 2014.

ECF No. 1 at 10.

Plaintiff asserts that this potential breach and delayed notification violated his rights under California law and constituted a violation of his Fourth Amendment privacy rights as well as his right to due process.  ECF No. 3 at 3-5; ECF No. 7 at 2-4.  Plaintiff seeks compensatory and punitive damages.  ECF No. 3 at 6.  Plaintiff avers that no prison administrative remedy was available to him to grieve this matter.  <u>Id.</u> at 3-5; ECF No. 7 at 4; <u>see</u> 42 U.S.C. § 1997e(a) (the Prison Litigation Reform Act (PLRA) requires that prisoners exhaust all available administrative remedies before commencing a civil suit).

IV.     Standing—Fourth Amendment Claim

The speculative allegations of the amended complaint fail to establish that plaintiff has

[1] The exhibits that were attached to the original complaint, including the letter which was attached as Exhibit A, were not attached to the amended complaint, even though they were referenced in the amended complaint.  In light of plaintiff's pro se status, the court will consider the amended complaint as if those exhibits were attached.

3

1    standing to bring his Fourth Amendment claim because he cannot show an injury-in-fact.

2          "[F]ederal courts are required sua sponte to examine jurisdictional issues such as

3    standing." B.C. v. Plumas Unified Sch. Dist., 192 F.3d 1260, 1264 (9th Cir.1999).  The Article

4    III case or controversy requirement limits federal courts' subject matter jurisdiction by requiring

5    that plaintiffs have standing.  Valley Forge Christian Coll. v. Ams. United for Separation of

6    Church and State, Inc., 454 U.S. 464, 471 (1982).  To have Article III standing, a plaintiff must

7    plead and prove that he has suffered sufficient injury to satisfy the "case or controversy"

8    requirement of Article III of the United States Constitution.  Clapper v. Amnesty Int'l USA, 133

9    S. Ct. 1138, 1146 (2013) ("'One element of the case-or-controversy requirement' is that plaintiffs

10   'must establish that they have standing to sue.'" (quoting Raines v. Byrd, 521 U.S. 811, 818

11   (1997))).  To satisfy Article III standing, a plaintiff must therefore allege: (1) injury-in-fact that is

12   concrete and particularized, as well as actual or imminent; (2) that the injury is fairly traceable to

13   the challenged action of the defendant; and (3) that the injury is redressable by a favorable ruling.

14   Monsanto Co. v. Geertson Seed Farms, 561 U.S. 139, 149 (2010) (citation omitted); Lujan v.

15   Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).  "The party invoking federal jurisdiction

16   bears the burden of establishing these elements . . . with the manner and degree of evidence

17   required at the successive stages of the litigation." Lujan, 504 U.S. at 561 (citations omitted).

18         To the extent plaintiff may be attempting to bring a claim pursuant to the Health Insurance

19   Portability and Accountability Act of 1996 (HIPAA),[2] which requires the confidentiality of

20   medical records, "HIPAA itself does not provide for a private right of action." Webb v. Smart

21   Document Solutions, LLC, 499 F.3d 1078, 1082 (9th Cir. 2007) (citing Standards for Privacy of

22   Individually Identifiable Health Information, 65 Fed. Reg. 82462-01, 82601 (Dec. 28, 2000) (to

23   be codified at 45 C.F.R. pt. 160 and 164) ("Under HIPAA, individuals do not have a right to court

24   action.")).  However, the Ninth Circuit has held that the constitutional right to informational

25   privacy extends to medical information.  Norman-Bloodsaw v. Lawrence Berkeley Lab., 135 F.3d

26

27   _____
     [2]  The attachments to the original complaint indicate that plaintiff may also be attempting to bring
28   a claim under the Health Insurance Portability and Accountability Act of 1996 (HIPAA).  ECF
     No. 1 at 22-26.

                                             4

1260, 1269 (9th Cir. 1998) ("The constitutionally protected privacy interest in avoiding disclosure of personal matters clearly encompasses medical information and its confidentiality.") (citing <u>Doe v. Attorney Gen. of the United States</u>, 941 F.2d 780, 795 (9th Cir. 1991)).  In this case, however, the disclosure of plaintiff's medical information, and therefore any injury, is entirely speculative.

While potential future harm can in some instances confer standing, plaintiff must face "a credible threat of harm" that is "both real and immediate, not conjectural or hypothetical." <u>Krottner v. Starbucks Corp.</u>, 628 F.3d 1139, 1143 (9th Cir. 2010) (citations and internal quotation marks omitted) (holding that threat of potential identity theft created by theft of a laptop known to contain plaintiffs' unencrypted names, addresses, and social security numbers was sufficient to confer standing, but that "more conjectural or hypothetical" allegations would make threat "far less credible"); <u>Clapper v. Amnesty Int'l USA</u>, 133 S. Ct. 1138, 1147 (2013) ("[A]n injury must be concrete, particularized, and actual or imminent.") (citation and internal quotation marks omitted).  Plaintiff's allegations are based upon a notification which states that it is unknown whether *any* sensitive information is contained in the laptop and that even if there is sensitive information in the laptop, the scope of the information, including whether any of plaintiff's information is contained therein, is unknown.  ECF No. 1 at 10.  In other words, whether plaintiff's sensitive information has even been compromised is unknown.  Plaintiff cannot state a claim for relief based upon the speculative breach of his sensitive information and his claim for violation of his constitutional right to informational privacy should be dismissed without prejudice for lack of standing.  See <u>Fleck & Assoc., Inc. v. City of Phoenix</u>, 471 F.3d 1100, 1106-07 (9th Cir. 2006) (dismissal for lack of standing is without prejudice).

V.    Due Process Claim

Plaintiff alleges that CHHCS and the California Department of Corrections and Rehabilitation (CDCR) violated his right to due process by allowing his "property," i.e., his personal information stored on the laptop, to be stolen.  The undersigned does not understand plaintiff's due process claim.  In any event, it does not appear that plaintiff can state a potentially colorable due process claim based on the facts alleged.  Moreover, for the reasons discussed

5

1   above, it seems unlikely that plaintiff has standing to raise these claims. For these reasons, the

2   undersigned finds that plaintiff has not stated a potentially colorable due process claim.

3       VI.       State Law Claims

4       The amended complaint also alleges violations of California law and regulations. To the

5   extent his state law claims are based on California's Confidentiality of Medical Information Act

6   (CMIA), Cal. Civ. Code §§ 56 et seq., and California Health and Safety Code § 1280.15,

7   plaintiff's claims fail. The CMIA authorizes a suit for money damages by "an individual . . .

8   against a person or entity who has negligently released confidential information or records

9   concerning him or her . . . ." Cal. Civ. Code § 56.36(b). California Health and Safety Code §

10  1280.15, on the other hand, does not appear to authorize a private action, but requires notification

11  of any unlawful or unauthorized access of a patient's medical information and authorizes the

12  State Department of Health Services to issue administrative penalties for failing to prevent such

13  access. However, the CMIA and § 1280.15 are state laws and do not provide a basis for federal

14  jurisdiction. Galen v. County of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007) ("Section 1983

15  requires [plaintiff ] to demonstrate a violation of federal law, not state law."). Because plaintiff

16  has failed to state a cognizable claim for relief under federal law, this court should decline to

17  exercise supplemental jurisdiction over plaintiff's putative state law claims.[3] Carnegie-Mellon

18  Univ. v. Cohill, 484 U.S. 343, 350 (1988) (when federal claims are eliminated before trial, district

19  courts should usually decline to exercise supplemental jurisdiction).

20      VII.      No Leave to Amend

21      If the court finds that a complaint should be dismissed for failure to state a claim, the court

22  has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-

23  30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the

24  defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see

25  also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given

26  leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely

27

28
_____
[3] The court takes no position on whether plaintiff would be able to successfully pursue his claims in state court.

6

1   clear that the deficiencies of the complaint could not be cured by amendment.") (citing <u>Noll v.</u>

2   <u>Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987)).  However, if, after careful consideration, it is clear

3   that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend.

4   <u>Cato</u>, 70 F.3d at 1005-06.

5          The undersigned finds that, as set forth above, plaintiff lacks standing and that amendment

6   would be futile because the notification plaintiff bases his allegations on establishes only

7   speculative injury that is neither real nor immediate.  Because plaintiff lacks standing to pursue

8   his federal claims, the court should decline to exercise supplemental jurisdiction over plaintiff's

9   state law claims and dismiss the complaint in its entirety.

10   VIII.   <u>Summary</u>

11          The undersigned recommends that the amended complaint be dismissed without prejudice

12   because the facts show only that plaintiff's sensitive information might have been contained in

13   the laptop and might have been stolen, and the letter he relies on establishes that he will not be

14   able to show that his information was actually stolen because it is not known what was on the

15   laptop.  Plaintiff's injury is therefore too speculative to support a claim.  If plaintiff's federal

16   claims are dismissed, the court should also decline jurisdiction of the state law claims and dismiss

17   them.

18          IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.

19          These findings and recommendations are submitted to the United States District Judge

20   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

21   after being served with these findings and recommendations, plaintiff may file written objections

22   with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings

23   and Recommendations."  Plaintiff is advised that failure to file objections within the specified

24   time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153

25   (9th Cir. 1991).

26   DATED: November 10, 2016

27                                         ALLISON CLAIRE

28                                         UNITED STATES MAGISTRATE JUDGE

7